J. S66043/18
J. S66044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARREN JOSEPH ARNOLD, | : | No. 1028 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 9, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at Nos. CP-23-CR-0004313-2010,
CP-23-CR-0008017-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARREN JOSEPH ARNOLD, | : | No. 1030 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 9, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at Nos. CP-23-CR-0004313-2010,
CP-23-CR-0008017-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED APRIL 15, 2019**

Darren Joseph Arnold appeals from the February 9, 2018 judgment of

sentence entered by the Court of Common Pleas of Delaware County following

his conviction of tampering with a public record, forgery-unauthorized act in

writing, forgery-utters forged writing, and impersonating a public servant.[1]

Appellant also appeals from the February 9, 2018 judgment of sentence entered in the Court of Common Pleas of Delaware County following revocation of his probation.[2]  Shawn K. Page, Esq., filed applications to withdraw his appearance on August 16, 2018, alleging that the appeals are wholly frivolous, accompanied by an **Anders** brief.[3]  After careful review, we deny Attorney Page's applications to withdraw and remand with instructions.

The relevant factual and procedural history of this case is as follows: Appellant began working as a salesman at Thomas Chevrolet, a car dealership located in Middletown Township, Delaware County, Pennsylvania in November of 2008.  **Commonwealth v. Arnold**, No. 1493 EDA 2011 at 2, unpublished memorandum (Pa.Super. filed April 2, 2012).  In March of 2009, the Pennsylvania State Police arrested appellant at a service plaza on the Pennsylvania Turnpike in Cumberland County after it determined that appellant was driving a 2009 Chevrolet Suburban belonging to

---

[1] 18 Pa.C.S.A. §§ 4911(a)(2), 4101(a)(2), 4101(a)(3), and 4912, respectively.

[2] Appellant was sentenced to, **inter alia**, probation on December 6, 2010 following a conviction of theft by unlawful taking, receiving stolen property, and conspiracy to commit theft.  **See** 18 Pa.C.S.A. §§ 3921(a), 3925(a), and 903(a)(1), respectively.

[3] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Thomas Chevrolet without authorization to do so.[4]  *Id.*   After learning of appellant's arrest in Cumberland County, Thomas Chevrolet initiated an investigation and discovered that a 2009 Chevrolet Tahoe LTZ was missing from the dealership.  *Id.*  The Tahoe was subsequently located in Philadelphia. *Id.* at 3.

After the police located the Tahoe, the Commonwealth charged appellant with theft by unlawful taking, receiving stolen property, and criminal conspiracy.[5]  On November 3, 2010, the trial court convicted appellant of all charges following a non-jury trial.   The trial court sentenced appellant to 18-48 months' imprisonment, followed by 3 years' probation on December 6, 2010.   A previous panel of this court affirmed appellant's judgment of sentence.  *See Commonwealth v. Arnold*, 48 A.3d 466 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 72 A.3d 599 (Pa. 2012).

On January 9, 2016, the owner of Thomas Chevrolet, Thomas Ercolani, received a letter purportedly from the Delaware County District Attorney's Office.  (Notes of testimony, 9/20/17 at 13-14.)  The letter stated that due to wrongful prosecution for the crimes relating to the theft of the 2009 Chevrolet Tahoe LTZ, Thomas Chevrolet was required to pay damages to appellant totaling $17,151,360.  (*Id.* at 22-24.)  The letter further stated that a meeting

---

[4] Appellant pled guilty to charges related to this incident in Cumberland County.  *Id.*

[5] 18 Pa.C.S.A. §§ 3921(a), 3925(a), and 903(a), respectively.

between appellant and Thomas Chevrolet's management was to be scheduled for January 11, 2016 at the dealership. (*Id.* at 22.) On January 11, 2016, appellant appeared at the dealership. (*Id.* at 26.) Pennsylvania State Police Trooper Michael Bean testified that appellant admitted to writing the letter at issue. (*Id.* at 63.)

On January 25, 2017, the Commonwealth charged appellant with tampering with a public record, forgery-unauthorized act in writing, forgery-utters forged writing, impersonating a public servant, and harassment. The jury convicted appellant of tampering with a public record, both forgery charges, and impersonating a public servant on September 21, 2017. The trial court acquitted appellant of harassment.[6]

On February 9, 2018, the trial court sentenced appellant to an aggregate term of 16-32 months' imprisonment, followed by 52 months' probation for the tampering with a public record, impersonating a public servant, and forgery convictions. Immediately after the sentencing hearing, the trial court

---

[6] 18 Pa.C.S.A. § 2709(a)(3).

held a **Gagnon II** hearing[7] to address appellant's violation of the probation stemming from the December 6, 2010 judgment of sentence. The trial court revoked appellant's probation and sentenced him to 6-24 months' imprisonment to be served consecutively to the first sentence imposed. Appellant did not file any post-sentence motions.

On March 12, 2018, appellant filed a **pro se** notice of appeal to this court.[8] Two days later, on March 14, 2018, Attorney Page filed a notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on March 16, 2018.

---

[7] In **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), the Unites States Supreme Court determined a two-step procedure was required before parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [**Gagnon I**] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [**Gagnon II**] prior to the making of a final revocation decision.

**Id.** at 781-782.

[8] We note that appellant filed a single notice of appeal for two separate judgments of sentence. The Pennsylvania Rules of Appellate Procedure require that two separate notices of appeal be filed in such cases. Pa.R.A.P. 341, Official Note. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our supreme court recently held that an appeal must be quashed in cases where separate notices of appeal were not filed. **Id.** at 977. The court's holding, however, was limited to notices of appeal filed after June 1, 2018. **Id.** Here, appellant filed his notice of appeal on March 12, 2018. Accordingly, we shall proceed to consider appellant's case on its merits.

J. S66043/18
J. S66044/18

On April 23, 2018, the trial court vacated its March 16, 2018 order and again ordered appellant to file a concise statement of errors complained of on appeal. Appellant failed to do so, and the trial court filed an opinion pursuant to Pa.R.A.P 1925(a) on June 14, 2018.

As noted above, Attorney Page filed applications to withdraw his appearance, accompanied by an *Anders* brief on August 16, 2018. On December 13, 2018, we denied Attorney Page's applications to withdraw and remanded so that Attorney Page could file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) or a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4). Attorney Page filed a statement of intent to file an *Anders* brief on January 13, 2019. Having already received Attorney Page's *Anders* brief, we may now decide this appeal on its merits.

> A request by appointed counsel to withdraw pursuant to *Anders* and *Santiago* gives rise to certain requirements and obligations, for both appointed counsel and this Court. *Commonwealth v. Flowers*, 113 A.3d 1246, 1247-48 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed ***pro se*** or raise any additional points worthy of this Court's attention.

***Woods***, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an ***Anders*** brief:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is

> > frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> > *Santiago*, 978 A.2d at 361.
>
> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Page's petitions to withdraw, supporting documentation, and *Anders* brief reveals that he has not complied with all of the foregoing requirements. We note that counsel also furnished a copy of the briefs to appellant, advised him of his right to retain new counsel or proceed *pro se*, and attached to the *Anders* application a copy of the letter sent to appellant as required under *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa.Super. 2005) (citation omitted). *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are

quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent.").  Attorney Page's letter, however, failed to advise appellant that he may raise other issues before this court.  **See Millisock**, 873 A.2d at 752.

We remand and direct Attorney Page to send appellant a letter, accompanied by the **Anders** brief, that complies with the directives of **Commonwealth v. Millisock**.  Attorney Page shall comply with this directive within 30 days of the date of this memorandum.  Appellant may respond within 45 days of receipt of Attorney Page's **Anders** brief and accompanying letter.

Applications to withdraw as counsel denied.  Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/19